4:17 CV 148
ALM/KPJ

## COMPLAINT FOR TRADMARK INFRINGEMENT, UNFAIR COMPETITION AND RELATED CLAIMS

Plaintiff, Afrem F Ghirmay, alleges his complaint against Defendants, Asphalt Yacht Club, LLC as follows:

FILED

FEB 28 2017

Clerk, U.S. District Court
Texas Eastern

### NATURE OF THE ACTION

1.      This action arises from the Defendants infringement of Plaintiff's "ownership" and exclusive "use" rights in the mark BASED ON A TRUE STORY®, in conjunction with clothing and other related goods. Despite Plaintiff being the registered owner of the trademark BASED ON A TRUE STORY® and offering various clothing items under such brand, the Defendants have infringed Plaintiff's rights in the aforementioned marks by selling, and offering for sale clothing items under Plaintiff's trademark. Plaintiff has already experienced "actual confusion" in connection with this matter and is likely to continue to experience confusion as to the affiliation or connection between the Defendants and Plaintiff resulting in the unjust enrichment of Defendants by using Plaintiff's registered trademark.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 15 U.S.C. §1051 *et seq.*, U.S.C. Section 1114-1116; under Section 43(a) of the Trademark Act, 15 U.S.C. §1125(a) and Section 43(c) of the Trademark Act, 15 U.S.C. §1125(c).

ORIGINAL COMPLAINT                    PAGE 1

3. This Court has personal jurisdiction over the Defendants because Defendants engage in business activities in, and directed to the State of Texas within this judicial district and mail and ship clothing items from its printing and clothing business to locations in Collin County and because Defendants have committed tortuous acts aimed at and causing harm within the state of Texas and this judicial district.

4. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(b) and (c) because it is where Plaintiff resides in the district and the Defendant transact business in this district, and because a substantial portion of events giving rise to the asserted claims have occurred, and continue to occur, within this district. Furthermore, the damage to Plaintiff and its intellectual property described herein continues to occur in this judicial district.

## THE PARTIES

5. Plaintiff, Afrem F Ghirmay is an individual with a mailing address at 349 Oakhurst Drive, Murphy, TX 75094.

6. Upon information and belief, Defendant Asphalt Yacht is a New York Limited Liability Corporation with a principle place of business of 24 W 40th Street 6th Floor New York, NY 10018.

## FACTUAL BACKGROUND

7. Since at least as early as 2015, Plaintiff Afrem F Ghirmay has been selling headwear, t-shirts, sweatshirts, hooded sweatshirts and other clothing items under the BASED ON A TRUE STORY® brand name.

8. Since as early as 2015, Plaintiff has been independently operating a clothing business under the trade name BASED ON A TRUE STORY APPAREL COMPANY™, which has sold headwear, t-shirts, sweatshirts, hooded sweatshirts and other related clothing items under the mark BASED ON A TRUE STORY®.

9. In addition to selling and offering for sale clothing items under the BASED ON A TRUE STORY® brand name, Plaintiff has also continuously sold and offered for sale various clothing items including t-shirts, and sweatshirts which bear the BASED ON A TRUE STORY® mark in various fonts and design styles which are prominently displayed on the front and/or back of the headwear, t-shirts, sweatshirts, hoodies and other related clothing items.

10. Plaintiff sells, and promotes the sale of his clothing via the plaintiff's website www.basedonatruestoryapparel.com, through order forms, and other social media outlets.

11. Plaintiff advertises his BASED ON A TRUE STORY®, and BASED ON A TRUE STORY APPAREL COMPANY™ brand and clothing items through flyers, stickers, and through paid advertisements. Plaintiff also regularly conducts photo shoots of customers who purchase BASED ON A TRUE STORY® clothing items to be included in marketing materials.

12. Plaintiff is the registered owner of the United States Trademark Registration No. 4,972,464 for the mark BASED ON A TRUE STORY®. (**See Exhibit A**).

13. Plaintiff is informed and believes and thereon alleges that Defendants are collectively marketing, promoting, selling and offering for sale various t-shirts and sweatshirts bearing the BASED ON A TRUE STORY® mark depicted in the pictures below and also promoting the t-shirts and sweatshirts on its owned and operated website www.asphaltyachtclub.com. (**See Exhibit B**).

14. Defendants marketing, offering for sale of t-shirts and sweatshirts bearing the BASED ON A TRUE STORY® mark violate and infringe on Plaintiff's registered trademark and the goodwill he has established under the aforementioned mark in connection with the sale of clothing.

15. Plaintiff was contacted by several long-standing customers of his BASED ON A TRUE STORY APPAREL COMPANY™ AND BASED ON A TRUE STORY® brand clothing products and was asked if the released clothing item designs with the BASED ON A TRUE STORY® mark that were sold by Defendants were available at the Plaintiff's store.



**INFRINGING SWEATSHIRT**



**INFRINGING T-SHIRT**



**PLAINTIFF'S SWEATSHIRT**



**PLAINTIFF'S T-SHIRT**

16.   As Shown in the pictures depicted above, Defendant's similar designs as those offered by the Plaintiff also has the capability of causing additional

**ORIGINAL COMPLAINT**             **PAGE 5**

confusion where the Defendants will benefit from all the hard work the Plaintiff has expanded in building the BASED ON A TRUE STORY® brand, mark, t-shirts and other clothing designs under such promotional marketing and sales strategy.

17. Defendants use of Plaintiff's BASED ON A TRUE STORY® brand in connection with clothing has already caused and will continue to cause confusion as to the source or affiliation of the source of the clothing related goods under the BASED ON A TRUE STORY® mark.

18. Defendants use of the BASED ON A TRUE STORY® mark or slightly similar variation of the Plaintiff's BASED ON A TRUE STORY® mark is also likely to continue to cause additional instances of confusion in the marketplace as to the source or affiliation of products being sold and offered under the BASED ON A TRUE STORY® brand owned by the plaintiff.

19. Defendant Asphalt Yacht Club, LLC, has the right and ability to supervise the infringing activity alleged herein, and has a direct financial interest in doing such.

20. On or about January 17, 2017, after being notified of the defendants use, a cease and desist letter was issued to Defendant Asphalt Yacht Club, LLC, notifying the Defendant of (a) the plaintiff's registered mark, (b) the use of the mark infringed upon the plaintiff's mark, and (c) demanded Asphalt Yacht Club, LLC, to cease and desist the use of the mark. (**See Exhibit C**)

21. Defendants business status as a major retailer of apparel and accessories also has the capability of causing reverse confusion where

consumers of clothing products will think that all BASED ON A TRUE STORY APPAREL COMPANY™ and BASED ON A TRUE STORY® clothing products are sponsored, related or produced by the Defendant.

## FIRST CAUSE OF ACTION
## TRADEMARK INFRINGEMENT (15 U.S.C. §§ 1114-1116)

22.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 21 of this Complaint.

23.     The use in commerce by Defendants of an identical and slightly identical version of the Plaintiff's registered trademark is likely to cause confusion, mistake and deception among members of the public and in trade as to the source, origin, or sponsorship of Defendants' goods and services. Such use by the Defendant constitutes a clear and direct infringement of the Plaintiff's rights in and to the Plaintiff's registered trademark, and has resulted in injury and damage to Plaintiff that will continue if Defendants are not ordered to cease all use of the BASED ON A TRUE STORY® mark.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

24.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs 1 through 23 of this Complaint.

25.     Plaintiff has the exclusive right to market, brand and provide clothing related goods using BASED ON A TRUE STORY® mark in connections with t-shirts, sweatshirts and related goods.

26. Defendants by reason of the aforementioned acts, have falsely described, represented and designated the origin of its goods and services. Defendants' activities already have confused the public into believing that Defendants and Plaintiff's clothing goods and accessories come from one and the same source, and Defendants continued activities are likely to create further confusion and deceive the public concerning the source of the goods and services.

27. Defendants have unfairly profited from the alleged herein and will continue to unfairly profit and become unjustly enriched unless and until this Court enjoins such conduct.

28. By reason of defendants willful acts conducted in conscious disregard for Plaintiff's rights, Plaintiff is entitled to treble damages under 15 U.S.C. § 1117(a).

### THIRD CAUSE OF ACTION
### COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

29. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 28 of this Complaint.

30. Defendants conduct constitutes deception, which Defendant's goods will palmed off as those of Plaintiff. Such conduct constitutes trademark infringement and unfair competition in violation of the laws of the State of Texas.

31. Defendants unauthorized use of Plaintiff's BASED ON A TRUE STORY® is likely to continue to cause further confusion to the public as to the clothing goods and accessories of the respective parties.

32. By reason of the foregoing, Defendants have infringed and continue to infringe on Plaintiff's common law rights in the BASED ON A TRUE STORY® mark and Defendants have become unjustly enriched by such acts of infringement.

33. Defendants unlawful conduct has been and will continue to be willful or willfully blind to Plaintiff's rights, as defendant has reason to know of Plaintiff's rights.

## FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT

34. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 33 of this Complaint.

35. Defendants have unjustly retained profits from the sale of clothing goods and accessories bearing Plaintiff's BASED ON A TRUE STORY® mark.

36. Defendants actions constitute unjust enrichment.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1.  Entry of and order and judgment requiring that the Defendant, its subsidiaries, officers, agents, servants, employees, owners, and representatives, and all other persons or entities in active concert of participation with them, be preliminarily and, thereafter, permanently enjoined and restrained from (a) using any manner the trade name, trademark, domain name or other indicia or origin, including in whole or part to the term BASED ON A TRUE STORY® or any colorable imitation thereof; (b) advertising, operating a website, using business stationary or offering any goods or services using the trade name, trademark,, domain name, URL, or any other indicia of origin including in whole or part the term BASED ON A TRUE STORY® or any colorable imitation thereof; (c) otherwise engaging in any acts of unfair completion and infringement which tend to injure Plaintiff's rights in the BASED ON A TRUE STORY® mark.

2.  That defendants be required to account to Plaintiff for any and all profits derived by it, and to compensate Plaintiff for all damages sustained by reason of the acts complained of herein, and that the damages herein be trebled pursuant to the Trademark Act.

3.  That Defendants be ordered to deliver up for destruction any and all infringing materials bearing the BASED ON A TRUE STORY® mark, and any colorable imitation thereof, in whole or part.

4.  That Plaintiff be awarded treble damages.

5.  That Defendants be required to place advertisements or send notifications to past and present customers that it improperly has been using the BASED ON A TRUE STORY® mark.

5. That Plaintiff be awarded the cost and disbursements of this action.

6. That Plaintiff have such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.

Dated: February 27, 2017
      Murphy, Texas

Respectfully submitted,
Afrem F. Ghirmay, Pro Se

*[signature]*

Afrem F. Ghirmay
Pro Se Plaintiff
349 Oakhurst Drive
Murphy, Texas 75094
(469) 878-1381
afrem.ghirmay@gmail.com